UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON SCHARF,

       Plaintiff,

                                 Case No. 14-14322

v.

                                 Hon. John Corbett O'Meara

TRANS UNION, LLC, *et al.*,

       Defendants.

_____/

## OPINION AND ORDER

Before the court are Plaintiff Sharon Scharf and Defendant Xerox Education Service's cross motions for summary judgment. For the reasons explained below, Plaintiff's motion is granted and Defendant's motion is denied.

## BACKGROUND FACTS

Plaintiff Sharon Scharf brings this action pursuant to the Fair Credit Reporting Act. In 2005 and 2006, Scharf's daughter, Rene Scharf, applied for student loans and misrepresented that her mother agreed to co-sign. According to Plaintiff, Rene Scharf forged Sharon Scharf's signature on the loan applications and used a fake address. On November 8, 2006, Richland State Bank approved a loan to Rene in the amount of $15,000, with Sharon Scharf as co-signer. Plaintiff contends that she had no knowledge of the loan.

Plaintiff learned about the loan when she obtained her credit report from Equifax in 2008. On the report was a trade line from Defendant Xerox Education Services, L.L.C., the servicer of Rene Scharf's student loan. Plaintiff avers that she circled the incorrect information on her credit report and sent it back to Equifax, but did not take further steps at that time.

On July 7, 2014, Plaintiff sent a letter to Trans Union disputing the Xerox trade line. She attached a copy of the police report and an identity theft affidavit. Trans Union forwarded Plaintiff's dispute to Xerox.

In response to Plaintiff's dispute, Xerox sent a letter to Plaintiff stating, "[a]s these accounts have defaulted, please contact your lender regarding this matter. . . . If the current loan holder has determined the account to have been obtained fraudulently, you may send proof of this to have our reporting removed from your credit report." Pl.'s Ex. 7. This response was in accordance with Xerox's policy. According to Xerox, when it receives an allegation of identity theft on an active account, it forwards the documents to the lender to make the determination. Where, as was the case here, the loan is in default, Xerox refers the consumer to the lender and does not forward the document/complaint to the lender. See Pl.'s Ex. 3 at 27-29. As Xerox's representative explained:

> Xerox would have reviewed her identity theft
> application, looked at the information that we had on our

-2-

> servicing system, confirmed the documents in the file, all
> to determine the account, then, had defaulted and this
> needed to go on to the client [lender] for resolution.

Id.

Plaintiff filed this action, contending that Xerox willfully or negligently violated the Fair Credit Reporting Act by failing to conduct a reasonable investigation into Plaintiff's consumer dispute.

## LAW AND ANALYSIS

### I.   Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II.   Fair Credit Reporting Act

Furnishers of information to credit reporting agencies, like Xerox, have specific duties under the Fair Credit Reporting Act ("FCRA").  15 U.S.C. § 1681s-2.  Relevant to this case, the FCRA imposes a duty to "conduct an investigation with respect to the disputed information" and to correct that information if it is found to be inaccurate.  Id. at § 1681s-2(b).  The furnisher's investigation must be

"reasonable." <u>Boggio v. USAA Federal Savings Bank</u>, 696 F.3d 611, 616 (6th Cir. 2012) ("[T]he term 'investigation' itself denotes a 'fairly searching inquiry,' or at least something more than a merely cursory review."). A willful or negligent failure to comply with this obligation exposes a party to civil liability pursuant to 15 U.S.C. §§ 1681n (willful) or 1681o (negligent).

Here, the undisputed facts demonstrate that Xerox did not conduct any investigation – let alone a reasonable investigation – with respect to the disputed trade line. Although Xerox attempts to characterize its actions as an "investigation," it merely reviewed its file to determine whether the loan was in default. Once it made that determination, it referred Plaintiff to the lender, explaining that if "the current loan holder has determined that the account to have been obtained fraudulently, you may send proof of this to have our reporting removed from your credit report." Pl.'s Ex. 7. Xerox does not cite any authority for the proposition that referring a consumer to a third party to determine the merits of the dispute discharges its obligation to investigate under the FCRA.

Plaintiff also contends that Xerox willfully failed to comply with its obligation to conduct an investigation of her consumer dispute. A willful violation is one committed either intentionally or in reckless disregard for the duties imposed under the FCRA. <u>Safeco Ins. Co. of America v. Burr</u>, 551 U.S. 47, 57 (2007).

-4-

"[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. See also Seamans v. Temple Univ., 744 F.3d 853, 868 (3d Cir. 2014) ("An actor's 'subjective bad faith' is irrelevant – the test is whether the actor's conduct was 'objectively unreasonable.'").

Xerox argues that it did not willfully violate the FCRA because it has a team of staff members who handle FCRA complaints and it has policies and procedures in place for FCRA compliance. See Hatten v. Experian Info. Solutions Inc., 2013 WL 5179190 (E.D. Mich. Sept. 12, 2013). Xerox glosses over the fact that, under these circumstances, its policy is to defer its investigatory responsibility to the lender rather than investigate the consumer dispute itself. This is not a case in which, despite a company's policies and procedures, a reasonable investigation was not done. Rather, it is Xerox's policy to review the file to determine if the loan is in default. If it is, Xerox does not investigate whether the consumer's dispute has merit. Instead, it tells the consumer to take its dispute up with the lender. Xerox does not explain how this action is an objectively reasonable way to discharge *its* responsibility to "conduct an investigation with respect to the

disputed information" as required by the FCRA.  Having policies and procedures –
and staff to implement them – that are inconsistent with the requirements of the
FCRA does not insulate Xerox from liability.

The court finds that, by failing to conduct any investigation whatsoever of
Plaintiff's consumer dispute, consistent with its policy, Xerox willfully violated the
FCRA.  The court will grant Plaintiff's motion for summary judgment.

With respect to willful violations, the FCRA allows a plaintiff to recover her
actual or statutory damages, punitive damages, and costs and attorney's fees.  15
U.S.C. § 1681n.  Xerox argues that Plaintiff does not have sufficient evidence of
actual damages.  Plaintiff testified, however, that she suffered stress and that stress
caused arguments, strain in her marriage, and contributed to exacerbation of her
multiple sclerosis.  See Def.'s Ex. E at 113-15.  See Robinson v. Equifax Info.
Servs. LLC, 560 F.3d 235, 241 (4th Cir. 2009) (plaintiff's own testimony regarding
emotional distress damages is sufficient as long as the plaintiff "reasonably and
sufficiently explain[s] the circumstances of the injury and [does] not resort to mere
conclusory statements"); Bach v. First Union Nat. Bank, 149 F. App'x 354, 361
(6th Cir. 2005) (same).  Plaintiff's testimony goes beyond conclusory statements of
injury; accordingly, the extent of her actual injury and the value to be placed on it
is a matter for the trier of fact.  The court will deny Defendant's motion for

-6-

summary judgment.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is

GRANTED and Defendant's motion for summary judgment is DENIED,

consistent with this opinion and order.


s/John Corbett O'Meara
United States District Judge

Date:  October 22, 2015



I hereby certify that a copy of the foregoing document was served upon the
parties of record on this date, October 22, 2015, using the ECF system and/or
ordinary mail.


s/William Barkholz
Case Manager