UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON SCHARF,

    Plaintiff,

                                 Case No. 14-14322

v.

                                 Hon. John Corbett O'Meara

TRANS UNION, LLC, *et al.*,

    Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION
TO CERTIFY AN INTERLOCUTORY APPEAL**

    Before the court is Xerox Education Services, LLC's motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay proceedings. Xerox seeks to appeal the court's October 22, 2015 opinion and order granting Plaintiff's motion for summary judgment and denying Xerox's motion for summary judgment. The court found that Xerox negligently and willfully violated the Fair Credit Reporting Act ("FCRA") by failing to investigate Plaintiff's consumer dispute. The issue of damages remains for trial. The issue Xerox seeks to certify is the court's finding of a willful violation.

    "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling;

(3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). The Sixth Circuit has emphasized that "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." Id.

The court is not persuaded that this is an "exceptional" case warranting an immediate appeal. First, Xerox has not demonstrated that "there is substantial ground for difference of opinion respecting the correctness of the district court's decision." A substantial ground for difference of opinion exists when the issue is difficult and of first impression, there is a difference of opinion within the circuit, or the circuits are split on this issue. See Eagan v. CSX Transp., Inc., 294 F. Supp.2d 911, 916 (E.D. Mich. 2003). Xerox argues that the court's October 22, 2015 order is "directly contrary" to Hatten v. Experian Info. Solutions, Inc., 2013 WL 5179190 (E.D. Mich. Sept. 12, 2013). As the court explained in its order, the Hatten opinion did not address the circumstances present in this case and it is inapplicable. See Opinion and Order at 4-6.

Second, Xerox has not demonstrated how a piecemeal appeal will materially advance the termination of this litigation. Xerox has not articulated a basis to

immediately appeal the court's finding that it negligently violated the FCRA – regardless of the outcome of the appeal, this issue would remain for trial. Judicial economy would not be served by an interlocutory appeal.

    IT IS HEREBY ORDERED that Xerox's motion to certify an interlocutory appeal and to stay proceedings is DENIED.

                                       s/John Corbett O'Meara  
                                       United States District Judge

Date:  December 23, 2015

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 23, 2015, using the ECF system.

                                         s/William Barkholz  
                                       Case Manager