UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(ANN ARBOR)

SHARON SCHARF,

    Plaintiff,

v.

TRANS UNION, LLC, a Delaware limited liability company; EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation; PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, d/b/a AMERICAN EDUCATION SERVICES, a Pennsylvania corporation; and XEROX EDUCATION SERVICES, LLC, a Delaware corporation;

    Defendant.

Case No. 5:14-cv-14322-JCO-MJH

Hon. John Corbett O'Meara

Magistrate Judge Michael J. Hluckaniuk



FILED
JAN 27 2016
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## JOINT FINAL PRE-TRIAL ORDER

Plaintiff Sharon Scharf and Defendant Xerox Education Services, LLC, by and through their respective counsel, state as follows for their Joint Final Pre-Trial Order:

**I.**   **JURISDICTION**

Jurisdiction in this matter is Federal Question Jurisdiction, conferred upon the Court under 28 U.S.C. §1331. The parties do not contest jurisdiction.

## II. PLAINTIFF'S CLAIM

Plaintiff claims actual damages in the amount of $20,000.00 arising out of Xerox's violation of the FCRA in the form of increased insurance premiums and emotional distress. Plaintiff also seeks an award of punitive damages stemming from Xerox's willful violation of the FCRA in the amount of $50,000.00. In addition, Plaintiff seeks an award of attorney fees and costs by way of post-trial fee petition, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Fed. R. Civ. P. 54(d)(2).

## III. DEFENDANT'S CLAIMS

Defendant denies that Plaintiff suffered any actual damages arising out of Xerox's alleged negligent violation of the FCRA. Plaintiff claims only a $500 increase in her insurance rate over a six month period in 2013 and only generalized emotional distress unsupported by any medical examination. However, the insurance increase occurred prior to plaintiff's dispute to Xerox and was therefore not related to Xerox's investigation of her dispute. Further, plaintiff's claimed emotional damages arose from her strained relationship with her daughter, who was responsible for taking out loans listing plaintiff as a co-signer, and not from Xerox's alleged conduct.

Defendant also denies that plaintiff should be awarded punitive damages on her claim for willful violation of the FCRA because she did not suffer any actual

2

damage and because Xerox's alleged conduct was not malicious, oppressive or in reckless disregard of plaintiff's rights. Xerox at all times believed it was acting in good faith and in conformity with the FCRA.

## IV. STIPULATION OF FACTS

1. Plaintiff was identified as a co-signer on two student loans taken out by her daughter, Rene Scharf, originating in 2006 with Richland State Bank.

2. The loans were acquired by GCO from Richland State Bank.

3. Xerox Education Services, LLC serviced the loans for Richland State Bank and then GCO.

4. Xerox reported the loans on Plaintiff's credit report with Trans Union and Equifax.

5. Plaintiff noted the loans were on her credit report in 2008.

6. Both loans defaulted and were ultimately charged off as bad debt in July 2010.

7. On July 7, 2014, Plaintiff sent a letter to Trans Union disputing the reporting of the two loans on her credit report, alleging that her daughter had forged her signature as co-signer without her permission.

8. Xerox received Plaintiff's dispute from Trans Union.

## V. FACTS TO BE LITIGATED

1. The amount of actual damages suffered by Plaintiff, if any, as a result of the actions and omissions of Xerox.

2. Whether Plaintiff's increased insurance premium is attributable to Xerox's failure to investigate her dispute or arose prior to her July 7, 2014 dispute to Trans Union.

3. The amount of punitive damages, if any, which should be levied against Xerox due to its actions and omissions with respect to Plaintiff.

4. Whether Plaintiff's claimed emotional distress is attributable to Xerox's failure to investigate her dispute or arose prior to her July 7, 2014 dispute to Trans Union.

5. Whether in August of 2008, Plaintiff called Xerox and requested the promissory notes for the two loans, which Xerox mailed to her at her home address.

6. Whether on August 11 and August 18, 2009, respectively, Xerox sent Plaintiff two Truth in Lending Disclosure Statements regarding the subject loans.

7. Whether after the charge-off, Xerox had any further role with respect to the subject loan on behalf of GCO.

8. Whether after the charge-off, Xerox made any further reports on Plaintiff's credit history.

9. Whether Xerox has written policies and procedures and dedicated staff for addressing consumer disputes regarding defaulted loans made through a credit reporting agency.

10. Whether Xerox failed to conduct any investigation of Plaintiff's dispute regarding the reporting of the two loans on her credit report in willful violation of the FCRA.

11. Whether Xerox's Customer Care division re-activated Plaintiff's account and reviewed the account history, the documents associated with Plaintiff's account, including original loan documents, and Plaintiff's fraud affidavit.

12. Whether, based on its review of Plaintiff's account and her fraud affidavit, Xerox sent Plaintiff a letter on August 7, 2014 indicating that the loans had defaulted and directing her to GCO to obtain information from GCO and revert to Xerox should she have further support for her claim, and whether Plaintiff ever reverted to Xerox with further information.

13. Whether Xerox failed to direct Trans Union to delete its reporting of the two loans from here credit file in response to Plaintiff's dispute.

14. Whether, in response to Plaintiff's dispute and based on its investigation, Xerox modified its reporting on Plaintiff's credit report to indicate that the loans were disputed.

5

## VI. ISSUES OF LAW TO BE LITIGATED

1. Whether the Plaintiff can establish entitlement to actual damages.

2. Whether Plaintiff can establish entitlement to punitive damages.

## VII. EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL

Defendant will be filing motions in limine to exclude the following:

1. Reference to aggravation or escalation of Plaintiff's multiple sclerosis condition on the basis that such testimony must and will not be supported by an expert witness.

2. Reference to increased insurance premiums on the basis that Plaintiff's admissions establish that it was not attributable to Xerox's investigation.

Plaintiff will be opposing Defendant's above-described motions on the following grounds:

1. Plaintiff opposes this relief on grounds that such testimony need not be supported by an expert witness.

2. Plaintiff opposes this relief on grounds that Plaintiff's increased insurance premiums are attributed to Xerox's reporting of the loans.

## VIII. WITNESSES

A. Plaintiff's Witnesses

1. Plaintiff, Sharon Scharf (will call)
   May be reached in care of counsel for Plaintiff

2. Jamie Broedel (may call)
   c/o counsel for Xerox

3. Ashton Ward (may call)
   c/o counsel for Xerox

6

4. Charles Wilkerson (may call)
c/o counsel for Xerox

5. Corporate representative of GCO (may call)
111 Rockville Pike, Ste. 1150, Rockville, MD 20850

6. Custodians of the Records for (may call):

a. Trans Union, LLC
b. Equifax Information Services, LLC
c. Pennsylvania Higher Education Assistance Agency
d. American Education Services
e. Xerox Education Services, LLC
f. GCO
g. GMC/Ally Bank
h. Ridgeland State Bank
i. American Education Services
j. Canton Police Department
k. AAA

7. Any necessary rebuttal or impeachment witnesses

B. <u>Defendant's Witnesses</u>

1. Plaintiff, Sharon Scharf (will call)
c/o counsel for Plaintiff

2. Jamie Broedel (will call)
c/o counsel for Xerox

3. Ashton Ward (may call)
c/o counsel for Xerox

4. Charles Wilkerson (may call)
c/o counsel for Xerox

5. Craig Garrett (may call)

6. Rene Scharf (may call)
c/o counsel for Plaintiff

7

7. Corporate representative of GCO (may call)
   111 Rockville Pike, Ste. 1150, Rockville, MD 20850

8. Custodians of the Records for (may call):

   a. Trans Union, LLC
   b. Equifax Information Services, LLC
   c. Pennsylvania Higher Education Assistance Agency
   d. American Education Services
   e. Xerox Education Services, LLC
   f. GCO
   g. GMC/Ally Bank
   h. Ridgeland State Bank
   i. American Education Services
   j. Canton Police Department
   k. AAA

9. Any necessary rebuttal or impeachment witnesses

## IX. **EXHIBITS**

A. <u>Plaintiff's Exhibits</u>

1. Transcript of the Deposition of Jamie Broedel

2. Application and Promissory notes of subject loans

3. AAA Auto Insurance Policy New Declaration Certificate for June 30, 2013 to December 30, 2013

4. Loan applications

5. Loan Request/Credit Agreement Signature Page

6. April 12, 2010 letter from Plaintiff to Xerox

7. Plaintiff's July 7, 2014 dispute letter to Trans Union

8. August 7, 2014 letter from Xerox to Plaintiff

9. Dispute results from Trans Union, dated August 8, 2014

8

10. October 30, 2014 letter from Xerox to Plaintiff

11. Plaintiff's Identity Theft Victim's Complaint and Affidavit

12. Canton Police Department Report

13. Xerox Borrower History and Activity Report

14. Xerox's Responses to Plaintiff's First Interrogatories and Requests for Production of Document

15. Xerox's Supplemental Responses to Plaintiff's First Interrogatories and Requests for Production of Document

16. Xerox's Responses to Plaintiff's Second Interrogatories and Requests for Production of Document

B. <u>Defendant's Exhibits</u>

1 Transcript of the Deposition of Sharon Scharf

2 Application and Promissory notes of subject loans

3. August 2009 Truth in Lending Disclosures

4. Xerox Business Practices for Direct (Written) Customer Disputes

5. Xerox Business Practices for Electronic Credit Disputes

6. Xerox Identity Theft Policies and Procedures

7. Plaintiff's AAA Auto Insurance Policy New Declaration Certificate for June 30, 2013 to December 30, 2013.

8. Loan applications

9. Loan Request/Credit Agreement Signature Page

10. Plaintiff's July 7, 2014 dispute letter to Trans Union

11. Plaintiff's Identity Theft Victim's Complaint and Affidavit

12. Canton Police Department Report

13. August 7, 2014 letter from Xerox to Plaintiff

14. Plaintiff's Answers to Defendant's Interrogatories

15. Plaintiff's Responses to Defendant's Requests for Production

16. Plaintiff's Answers to Defendant's Requests for Admissions

17. Xerox Borrower History and Activity Report

## X. DAMAGES

### A. Plaintiff's Statement

Plaintiff seeks actual damages in the amount of $20,000.00, and punitive damages in the amount of $50,000.00. Plaintiff also seeks attorney fees and costs, to be determine by way of a post-trial fee petition.

### B. Defendant's Statement

Defendant denies that Plaintiff incurred actual damages or is entitled to punitive damages.

## XI. TRIAL

A. Trial will be by Jury

B. Estimated length of trial – 4 days

## XII. SETTLEMENT

The parties have conferred and considered the possibility of settlement, most recently in October 2015 via email, but are relatively far apart in their settlement positions. The parties welcome the opportunity for further settlement discussions at the final pretrial conference.

## XIII. TRIAL BRIEFS, FINDINGS AND INSTRUCTIONS

Trial briefs and requests for jury instructions must be filed on the first day of trial.

Date: January 27, 2016

John Corbett O'Meara
United States District Judge

Approved:

Michigan Consumer Credit Lawyers,

By:/s/ Travis L. Shackelford
Gary D. Nitzkin (P41155)
Travis L. Shackelford (P68710)
Attorneys for Plaintiff
22142 W. Nine Mile Road
Southfield, MI 48033
(248) 353-2882
gary@micreditlawyer.com
travis@micreditlawyer.com

Miller, Canfield, Paddock and Stone, P.L.C.

By: /s/ Colin M. Battersby
Michael P. Coakley (P34578)
Colin M. Battersby (P32198)
Attorneys for Defendant
Xerox Education Services, LLC
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
coakley@millercanfield.com
battersby@millercanfield.com

11